[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to recover damages for injuries claimed to have been sustained in a motor vehicle accident.
Upon trial the court finds from the testimony and exhibits CT Page 5225 the following:
1. The plaintiff was operating his automobile on March 31, 1989 at about 8:30 a.m. northerly on Interstate 91. Said route runs through Hartford, Connecticut.
2. The defendant Wayne Benway was operating a trailer truck owned by defendant Great Coastal Express, Inc. northerly on said Interstate Route 91 behind the plaintiff's automobile.
3. Defendant Benway has been employed by the defendant Great Coastal Express, Inc. for seventeen (17) years and was going to Holyoke, Massachusetts to deliver a load of 43,000 pounds of goods. He was acting as agent and/or employee within his authority to do so. His wife was in the cab of the truck.
4. The weather was clear, dry and traffic was heavy.
5. As the plaintiff approached exit 30 ramp on said highway in Hartford, Connecticut the defendant Benway truck ran into the rear of the plaintiff's automobile (See Plaintiff's Exhibit #3 and Defendant's Exhibit #1) causing personal injuries to the plaintiff.
6. The collision and the resulting injuries were caused by the carelessness and negligence of the defendant Benway in that:
a. he did not keep a proper lookout for traffic ahead of him as he was driving his trailer truck,
b. he failed to keep proper and reasonable control of his truck so as to avert the collision,
c. he was traveling too close to the vehicle of the plaintiff in front of him, and
d. he failed to apply his brakes in time to avoid any contact with car in front being that of the plaintiff.
7. As a result of said carelessness and negligence the plaintiff suffered neck and back injuries with an acute bilateral trapesius muscle strain necessitating orthopaedic care together with physical therapy treatments. Pain in still present as of January 14, 1991. Required to wear a cervical collar. Dr. Jeffrey B. Steckler, Orthopedic surgeon states in report of said date, "As a result of the injuries sustained, the patient has a 10% impairment to his cervical spine. It is noteworthy that the disc degeneration is not a result of the automobile accident but was prior to the accident. It is noteworthy CT Page 5226 that the patient never had any problems with his neck prior to the accident. Therefore, it is my judgment that the pre-existent disc degeneration which was asymptomatic before the accident, became symptomatic as a result of the automobile accident."
8. As a further result of the said carelessness and negligence the plaintiff expended the following sums for medical care, etc.:
 Hartford Hospital $ 22.64 Cross Health Care, Inc. 1,440.00 Dr. Steckler 735.00 --------- $2,197.64
9. The plaintiff is entitled to fair, just and reasonable compensation for the injuries sustained. The court feels that five thousand dollars ($5,000.00), plus $2,197.64 the sums expended for medical care is fair, just and reasonable compensation.
The defendants have failed to sustain their proof of the allegations stated in their special defense.
Creditability is for the trier of facts to determine. The court accepts that of the plaintiff to be more creditable.
Therefore, judgment may enter in favor of the plaintiff to recover the sum of seven thousand one hundred ninety-seven and 64/100 dollars ($7,197.64) of the defendant.
JOSEPH F. MORELLI STATE TRIAL REFEREE